JEREMY W. FAITH, SBN 190647
NOREEN MADOYAN, SBN 279227
**MARGULIES FAITH, LLP**
16030 Ventura Blvd., Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile:  (818) 705-3777
Email:  Jeremy@MarguliesFaithLaw.com
Email:  Noreen@MarguliesFaithLaw.com

[Proposed] Attorneys for
Rosendo Gonzalez, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>BEVERLY MONIQUE MURRY-CALCOTE,<br><br>Debtor. | Case No.:  2:17-bk-11972-RK<br><br>Chapter:   7<br><br>**APPLICATION TO EMPLOY MARGULIES FAITH LLP AS GENERAL COUNSEL FOR ROSENDO GONZALEZ, CHAPTER 7 TRUSTEE EFFECTIVE APRIL 26, 2017; DECLARATION OF NOREEN MADOYAN; EXHIBIT THERETO**<br><br>[11 U.S.C. §§ 327, 330, Fed. R. Bankr. P. 2002, 2014; L.B.R. 2014-1, 9013-1(o)]<br><br>[NO HEARING REQUIRED] |

**TO THE HONORABLE ROBERT N. KWON, UNITED STATES BANKRUPTCY JUDGE;**

**THE OFFICE OF THE UNITED STATES TRUSTEE; THE DEBTOR AND ALL PARTIES**

**IN INTEREST:**

   Rosendo Gonzalez, the chapter 7 trustee herein (the "Trustee") for the bankruptcy estate (the "Estate") of Beverly Monique Murry-Calcote (the "Debtor"), respectfully applies for authority to employ Margulies Faith LLP ("MF") as general counsel for the Trustee, and represents as follows:

///

///

///

**I.**

## CASE BACKGROUND AND NEED FOR LEGAL COUNSEL

1. On February 17, 2017, the Debtor commenced this case by the filing of a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). Thereafter, Rosendo Gonzalez was appointed as chapter 7 trustee of the Estate.

2. The Trustee's investigation in this case has revealed numerous unscheduled potential assets to the Estate (the "Potential Assets"), including multiple business, real property and bank account interests. As such, the Trustee requires the assistance of counsel to assist with the analysis, prosecution and collection of the Potential Assets for the benefit of the Estate.

3. The Trustee believes it is in the best interest of the Estate to engage bankruptcy counsel in this case to assist with the investigation, prosecution and recovery of the Potential Assets, among other matters. MF's services will include performing the following types of professional services on behalf of the Trustee:

 a. Advising the Trustee on matters relating to administration of the Estate, and on the Trustee's rights and remedies with regard to the Estate's assets and the claims of secured and unsecured creditors;

 b. Preparing and assisting the Trustee in the preparation of such motions, applications, pleadings, and orders as are required for the orderly administration of the Estate, including but not limited to the those motions, applications, pleadings, and orders relating to the Estate's use, sale, or lease of assets of the Estate;

 c. Assisting the Trustee with the review, marketing and possible sale of Estate assets, including obtaining Bankruptcy Court approval for such actions;

 d. Reviewing pleadings and motions and preparing responses when necessary;

 e. Appearing for, prosecuting, defending, and representing the Trustee's interest in any adversary proceeding or contested matter arising in or

1  related to this case unless the Trustee is represented in such matters by other
2  counsel and except to the extent that any such adversary proceeding or contested
3  matter requires expertise in areas of law outside of MF's expertise or which is
4  beyond MF's staffing capabilities; and

5    f. Performing any other services which may be appropriate to advise
6  and assist the Trustee in the course of this Chapter 7 case.

7   4. By this Application To Employ Margulies Faith LLP As General Counsel For
8  Rosendo Gonzalez (the "Application"), the Trustee seeks to employ MF as outlined above
9  pursuant to 11 U.S.C. § 327, and at the expense of the Estate in accordance with 11
10 U.S.C. § 330.  Further, the Trustee seeks to have his employment of MF effective as of
11 April 26, 2017.

12  5. MF is composed of five (5) attorneys who specialize in, and limit their
13 practice to, matters of insolvency, reorganization, and bankruptcy law.  MF's attorneys
14 have represented chapter 7 trustees in hundreds of cases.  As such, MF is particularly
15 well-qualified to represent the Trustee in this case.  All attorneys comprising, or associated
16 with, MF are admitted to practice law in the courts of the State of California and in the
17 United States District Court for the Central District of California.  Attached hereto as
18 **Exhibit A** is the firm resume, setting forth the experience of MF's professionals.  MF's
19 attorneys are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy
20 Procedure, and the Local Bankruptcy Rules, and will comply with them if employed as the
21 Trustee's counsel.

22  6. MF represents individual debtors as counsel of record in other bankruptcy
23 cases. At any given time, MF may have debtor clients who have been assigned to the
24 Trustee for the administration of their case.  These matters are separate cases and in no
25 way impact the disinterested nature of MF's representation of the Trustee in the instant
26 case.

27  7. Jeremy W. Faith, a partner with MF, serves as a Chapter 7 Trustee for the
28 Northern Division of the Central District of California.  The Trustee has provided

professional services to Mr. Faith, solely in Mr. Faith's capacity as a Chapter 7 trustee, in other unrelated Chapter 7 cases, and Mr. Faith has represented the Trustee, solely in the Trustee's capacity as a Chapter 7 Trustee, in certain other unrelated cases assigned to the Trustee for administration.  These matters are separate cases and in no way impact the disinterested nature of MF's representation of the Trustee in the instant case.

8. Because MF's practice is limited exclusively to matters of bankruptcy, insolvency and reorganization law, the services provided by MF do not include the rendition of substantive legal advice outside of these areas, such as corporate tax, securities, tort, environmental, labor, criminal, or real estate law.  MF will not be required to represent or advise the Trustee in matters which MF believes are beyond MF's expertise, such as the areas of law just described.  In addition, MF will not be required to represent the Trustee in matters where MF determines that it lacks the ability to staff the matter adequately.

## II.

## COMPENSATION OF THE FIRM

9. MF has agreed to accept as compensation for its services such sums as may be allowed by this Court in accordance with law, based upon the time spent and services rendered, the results achieved, the difficulties encountered, the complexities involved, and other appropriate factors.

10. MF will comply with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, promulgated by the United States Trustee Program and reprinted at 28 C.F.R. Part 58, Appendix A.

11. MF has neither received a retainer, nor a lien or interest in property of the Debtor or third parties, with respect to its representation of the Trustee.  No agreement exists for a division of fees between MF and any other person or entity except as among the members of MF.

///

12. MF has advised the Trustee that MF intends to annually review and adjust its customary hourly billing rates to insure that its billing rates are competitive with those of comparable firms in the Los Angeles area. MF believes that the rates charged by its professionals are fair and reasonable in light of the services rendered and the rates charged for similar types of services by comparable law firms and that its rates are comparable to – and frequently lower than – the rates charged by comparable firms. MF will timely notify the Trustee, the OUST, and the Court of any change in MF's billing rates for this case.

13. No compensation will be paid by the Trustee to MF except upon application to, and approval by, this Court after notice and a hearing pursuant to §§ 330 and 331 of the Bankruptcy Code.

14. There is no agreement between the Trustee and MF regarding MF's employment in this case other than as expressed in this Application.

## IV.

## MF IS DISINTERESTED AND HOLDS NO INTEREST ADVERSE TO THE ESTATE

15. To the best of the Trustee's knowledge, based upon the Declaration of Noreen Madoyan (the "Madoyan Declaration"), MF and all attorneys associated with MF who expect to render services in this matter are disinterested persons, do not hold or represent an interest adverse to the Estate, and do not have any connections with the Debtor, the creditors of the Estate, any other party in interest in this case, or each of their respective attorneys or accountants, the OUST, or any person employed by the OUST, except as stated in the Madoyan Declaration.

16. To the best of the Trustee's knowledge, based upon the Madoyan Declaration, MF:

    a. Is not, and was not, a creditor, an equity security holder, or an insider of the Debtor;

    b. Is not, and was not, within two (2) years before the date of the filing of the petition, a director, officer, or employee of the Debtor;

      c.    Does not have an interest materially adverse to the interest of the Estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason; and

      d.    Is not a relative or employee of the OUST or a United States Bankruptcy Court judge.

**V.**

**NOTICE OF THE APPLICATION IS SUFFICIENT**

17.    A notice advising creditors and other interested parties of the Trustee's Application and summarizing the Application's contents has been filed and served in accordance with Local Bankruptcy Rule 2014-1(b)(2).

**WHEREFORE**, the Trustee prays that he be authorized to employ Margulies Faith LLP as his general counsel in this case, effective April 26, 2017, with compensation to be paid in such amount as the Court may hereafter allow in accordance with law.

DATED: May 10th, 2017

_____
ROSENDO GONZALEZ, Chapter 7 Trustee

PRESENTED BY:

**MARGULIES FAITH, LLP**

By: */s/ Noreen Madoyan*
    Jeremy W. Faith
    Noreen Madoyan
    [Proposed] Attorneys for Rosendo Gonzalez,
    Chapter 7 Trustee

## DECLARATION OF NOREEN MADOYAN

I, Noreen Madoyan, declare as follows:

1. I am an attorney at law, duly-qualified to practice before all courts of the State of California and before the United District Court for the Central District of California. I am an associate with the law firm of Margulies Faith LLP. I have personal knowledge of the facts stated herein, except where stated upon information and belief, and as to such statements, I believe them to be true. All capitalized terms herein have the same meaning as in the Application to which this declaration is annexed.

2. MF is composed of five (5) attorneys who specialize in, and limit their practice to, matters of insolvency, reorganization, and bankruptcy law. MF's attorneys have represented chapter 7 trustees in hundreds of cases. As such, MF is particularly well-qualified to represent the Trustee in this case. All attorneys comprising, or associated with, MF are admitted to practice law in the courts of the State of California and in the United States District Court for the Central District of California. Attached hereto as **Exhibit A** is the firm resume, setting forth the experience of MF's professionals. MF's attorneys are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules, and will comply with them if employed as the Trustee's counsel.

3. MF will comply with the procedures set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, promulgated by the United States Trustee Program and reprinted at 28 C.F.R. Part 58, Appendix A.

4. Following the Trustee's request that MF represent him in this case as general counsel, a conflicts check was undertaken, utilizing MF's client list database. I also reviewed the potential representation of the Trustee with other attorneys at MF to ensure that no conflict of interest exists.

///

///

Based upon the conflicts check and review conducted, I believe that MF and its partners are "disinterested persons" as defined by § 101(14) of the Bankruptcy Code and do not hold or represent any interest adverse to the Estate. Accordingly, MF commenced services on behalf of the Trustee on April 26, 2017.

5. The conclusion that MF is "disinterested," is based upon the fact that MF:

    a. Is not, and was not, a creditor, an equity security holder, or an insider of the Debtor;

    b. Is not, and was not, within two (2) years before the date of the filing of the petition, a director, officer, or employee of the Debtor;

    c. Does not have an interest materially adverse to the interest of the Estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason; and

    d. Is not a relative or employee of the OUST or a United States Bankruptcy Court judge.

6. Likewise, to the best of my information and belief, neither MF nor any of its partners has any connection with the Debtor, the creditors of the Estate, any other party in interest in this case, or each of their respective attorneys or accountants, the OUST, or any person employed by the OUST, and that MF and each of its members and associates are all disinterested persons pursuant to § 104(14) of the Bankruptcy Code.

7. MF is not representing, has not represented, and does not intend to represent any related debtor in a bankruptcy case in this or any other Court.

///
///
///
///
///
///

8.    Jeremy W. Faith, a partner with MF, serves as a Chapter 7 Trustee for the Northern Division of the Central District of California.  The Trustee has provided professional services to Mr. Faith, solely in Mr. Faith's capacity as a Chapter 7 trustee, in other unrelated Chapter 7 cases, and Mr. Faith has represented the Trustee, solely in the Trustee's capacity as a Chapter 7 Trustee, in certain other unrelated cases assigned to the Trustee for administration. These matters are separate cases and in no way impact the disinterestedness of MF's engagement as provided for in the Application.

9.    There is no agreement between the Trustee and MF regarding MF's employment in this case other than as expressed in this Application.

10.    MF represents individual debtors as counsel of record in other bankruptcy cases.  At any given time, MF may have debtor clients who have been assigned to the Trustee for the administration of their case.  These matters are separate cases and in no way impact the disinterested nature of MF's representation of the Trustee in the instant case.

11.    MF has neither received a retainer nor advance fee.  MF has not received, and will not receive, a lien or other interest in property of the Debtor or third parties to secure payment of fees.  No agreement or understanding exists for a division of fees between MF and any other person or entity, except as among the partners of MF.

12.    MF has agreed to accept, as compensation for its services, such sums as may be allowed by this Court in accordance with law, based upon the time spent and services rendered, the results achieved, the difficulties encountered, the complexities involved, and other appropriate factors.

13.    MF has advised the Trustee that MF intends to annually review and adjust its customary hourly billing rates to insure that its billing rates are competitive with those of comparable firms in the Los Angeles area.  MF believes that the rates charged by its professionals are fair and reasonable in light of the services rendered and the rates charged for similar types of services by comparable law firms and that its rates are comparable to – and frequently lower than – the rates charged by comparable firms.  MF

will timely notify the Trustee, the OUST, and the Court of any change in MF's billing rates for this case.

14. No compensation will be paid by the Trustee to MF except upon application to, and approval by, this Court after notice and a hearing pursuant to §§ 330 and 331 of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.   Executed on May 10, 2017 at Encino, California.

   */s/ Noreen A. Madoyan*
Noreen A. Madoyan

# EXHIBIT A



## BIOGRAPHIES

### *PARTNERS*

CRAIG G. MARGULIES, Education: University of California, Santa Barbara (B.A. 1992); University of Miami School of Law (J.D. 1995). Admitted to California Bar, 1996; Minnesota, 1996; Colorado, 1996. Admitted to the Ninth Circuit Court of Appeals; admitted to the Central, Southern, Northern and Eastern Districts of California. Member: American Bar Association, Beverly Hills Bar Association, California Bankruptcy Forum, and American Bankruptcy Institute. Mr. Margulies' billable rate is $560.00 per hour.

JEREMY W. FAITH, Education: University of California, Santa Barbara (B.A. - Business Economics, 1994); Loyola Law School (J.D. 1997). After admission to the California Bar in 1997, Mr. Faith practiced State and Federal class action and appellate litigation, switching his specialization to bankruptcy and restructuring in 1999. Beginning in 2000, Mr. Faith joined the Los Angeles bankruptcy firm Robinson, Diamant & Wolkowitz as an associate, becoming a partner in 2006. Mr. Faith's career as a bankruptcy practitioner has focused on representing chapter 7 trustees, chapter 11 debtors-in-possession, litigants in bankruptcy court, and unsecured creditor committees. In 2010 Mr. Faith started his own firm, Goodman Faith, LLP, eventually merging that practice with Craig G. Margulies to establish Margulies Faith, LLP in 2012. Mr. Faith was appointed to the Panel of Chapter 7 Trustees for the Central District of California in 2011, in which capacity he continues to serve. Mr. Faith's chapter 7 trustee position is based in the Central District's Northern Division. Mr. Faith also serves as a Chapter 11 Trustee in operating reorganization matters. Mr. Faith's hourly rate is $560.00 per hour.

### *ASSOCIATES*

MEGHANN TRIPLETT, Education: University of Southern California, Los Angeles, (B.A., Political Science, 2004); Chapman University School of Law, Orange, California, (J.D., 2009); Admitted to the California Bar, 2009; Admitted to Central, Southern, Northern, and Eastern Districts of California. Judicial Law Clerk to the Honorable Kathleen Thompson, and the Honorable Catherine E. Bauer, Santa Ana Division. Member: American Bankruptcy Institute, IWIRC (International Women's



Insolvency & Restructuring Confederation), Santa Barbara County and San Luis Obispo County Bar Associations. Ms. Triplett's hourly rate is $410.00 per hour.

NOREEN A. (GUREGIAN) MADOYAN, Education: University of Southern California, Marshall School of Business (B.S. Business Administration, 2008); Loyola Law School, Los Angeles (J.D., 2011). Admitted to the California Bar in 2011; Admitted to the Central District of California in 2014. Judicial Law Clerk to the Honorable Scott C. Clarkson, Meredith A. Jury, and Mark S. Wallace, Central District of California (2012-2014); Volunteer Law Clerk for the Honorable Victoria Kaufman (2011-2012); Extern for the Honorable Alan M. Ahart (2009); Member: IWIRC (International Women's Insolvency & Restructuring Confederation), Southern California network. Ms. Madoyan's hourly rate is $390.00 per hour.

MONSI MORALES, Education: Boston University (B.A. 1998); Washington University School of Law (J.D. 2004). Admitted to California Bar, 2004. Ms. Morales graduated from Washington University School of Law in St. Louis, Missouri in 2004, where her coursework focused on bankruptcy and reorganization, commercial finance and general corporate law. Following graduation, Ms. Morales moved to Los Angeles to serve as a law clerk to the Hon. Alan M. Ahart, Bankruptcy Judge for the Central District of California, from 2004 to 2007. Since beginning her practice in 2007, Ms. Morales has gained extensive experience as a bankruptcy practitioner, representing debtors, creditors, trustees and committees. Ms. Morales is an active member of the Hispanic National Bar Association, IWIRC (International Women's Insolvency & Restructuring Confederation), the Beverly Hills Bar Association and Financial Lawyers Conference. Ms. Morales's hourly rate is $460.00 per hour.

*PARALEGALS*

HELEN CARDOZA, Education: University of California, San Diego (B.A., Political Science, 2008); Ms. Cardoza worked as a Generalist Clerk in the Clerk's office at the United States Bankruptcy Court, San Fernando Valley Division for three years with experience in all chapters of bankruptcy. Ms. Cardoza has worked with Margulies Faith,



LLP from the inception of the firm and assists Mr. Faith with various bankruptcy administrator functions. Ms. Cardoza's hourly rate is $225.00 per hour.

<u>BRIAN REED,</u> Education: Boston College (B.A., 1994); University of California, Los Angeles (M.A., 2000). Mr. Reed has worked as a Senior Bankruptcy Analyst for multiple Chapter 7 Trustees since 2005, analyzing over 25,000 bankruptcy petitions and supplemental documents for asset identification and grounds for dismissal or conversion. Mr. Reed was called as a witness before the Administrative Office of the United States Courts in Washington, D.C., giving testimony on the Advisory Committee on Rules of Bankruptcy Procedure's Forms Modernization Project. Mr. Reed also holds three copyrights for bankruptcy software. Member: American Bankruptcy Institute; National Association of Bankruptcy Trustees. Mr. Reed's hourly rate is $225.00 per hour.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **APPLICATION TO EMPLOY MARGULIES FAITH LLP AS GENERAL COUNSEL FOR ROSENDO GONZALEZ, CHAPTER 7 TRUSTEE EFFECTIVE APRIL 26, 2017; DECLARATION OF NOREEN MADOYAN; EXHIBIT THERETO** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 10, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

   **Alon Darvish** alon@bankruptcylalaw.com, darvishecf@gmail.com;r50916@notify.bestcase.com
   **Rosendo Gonzalez (TR)** rgonzalez@ecf.epiqsystems.com,
   itran@gonzalezplc.com,khernandez@gonzalezplc.com,rossgonzalez@gonzalezplc.com
   **United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov
   **Zann R Welch** ecfnotices@ascensioncapitalgroup.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL OR CERTIFIED MAIL** (state method for each person or entity served):
On **May 10, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE**: Service on Judge not required per Court Manual, Appendix F
**DEBTOR**: Beverly Monique Murry-Calcote, 3316 West Ave. M-2, Lancaster, CA 93536.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

NONE.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 10, 2017 | Brian Reed | /s/ Brian Reed |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**