| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JEREMY W. FAITH (SBN 190647)<br>NOREEN A. MADOYAN (SBN 279227)<br>MARGULIES FAITH, LLP<br>16030 Ventura Blvd., Suite 470<br>Encino California 91436<br>Telephone: (818) 705-2777<br>Facsimile: (818) 705-3777<br>Email: Noreen@MarguliesFaithLaw.com | |

☐ *Debtor(s) appearing without an attorney*
☒ *Attorney for:* Rosendo Gonzalez, Chapter Trustee

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br>BEVERLY MONIQUE MURRAY-CALCOTE, | CASE NO.: 2:17-bk-11972-RK<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]** |
| Debtor(s). | [No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) _Rosendo Gonzalez, Chapter 7 Trustee_,
   filed a motion or application (Motion) entitled _Motion for Extension of Time for Filing Complaint Objecting to Debtor's Discharge; Memorandum of Points and Authorities; Declaration of Rosendo Gonzalez in Support Thereof_.

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion. (*Check appropriate box below*):
   ☒ The full Motion is attached to this notice; or
   ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

a.  If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.  If you fail to comply with this deadline:

   (1)  Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

   (2)  Movant will lodge an order that the court may use to grant the Motion; and

   (3)  The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date:  05/15/2017

Noreen A. Madoyan
Signature of Movant or attorney for Movant

/s/ Noreen A. Madoyan
Printed name of Movant or attorney for Movant

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

JEREMY W. FAITH (SBN 190647)
NOREEN A. MADOYAN (SBN 279227)
**MARGULIES FAITH, LLP**
16030 Ventura Blvd., Suite 470
Encino California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777
Email: Noreen@MarguliesFaithLaw.com

Attorneys for Rosendo Gonzalez,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.: 2:17-bk-11972-RK |
| BEVERLY MONIQUE MURRAY-CALCOTE, | Chapter: 7 |
| Debtor. | **MOTION FOR EXTENSION OF TIME FOR FILING COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROSENDO GONZALEZ IN SUPPORT THEREOF** |
| | **[No Hearing Required]** |

**TO THE HONORABLE ROBERT KWAN, UNITED STATES BANKRUPTCY JUDGE:**

Rosendo Gonzalez, the Chapter 7 Trustee (the "Trustee") in the above-captioned case, hereby moves this Court for an order pursuant to Rule 4004(b) of the Federal Rules of Bankruptcy Procedure, extending the time for filing a complaint objecting to the debtor's discharge under section 727 of the Bankruptcy Code ("Motion").

This Motion is based upon the attached Memorandum of Points and Authorities, the attached declaration of Rosendo Gonzalez, the pleadings and orders on file in this bankruptcy case.

1   WHEREFORE, the Trustee prays that the deadline to file complaints under 11

2   U.S.C. § 727 be extended for approximately 120 days to September 29, 2017 for the

3   Trustee and the United States Trustee.

4

5   DATED: May 15, 2017                    MARGULIES FAITH, LLP

6                                          By: /s/ Noreen A. Madoyan
                                               Noreen A. Madoyan
7                                              Attorneys for Rosendo Gonzalez,
                                               Chapter 7 Trustee
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

1.     On February 17, 2017, Beverly Monique Murray-Calcote ("Debtor") commenced the instant case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code.  Rosendo Gonzalez is the duly appointed, qualified and acting trustee of the Debtor's bankruptcy estate.

2.     The Trustee is in the process of investigating the Debtor's book and records, recovering documents from the Debtor, and determining if there exist grounds for denial of the Debtor's discharge under 11 U.S.C. § 727.

3.     The Trustee has already discovered possible concealment of assets, including multiple businesses, real property and bank account interests.  The Debtor and her non-filing spouse have failed to disclose their interest in at minimum five (5) separate corporations (the "Business Entities") and six (6) distinct bank accounts, as well as a potential interest in real property located in North Carolina. The Debtor is also the beneficiary of the Bobbye J. Rives Trust (the "Trust"), which was not disclosed on her schedules.  The Trustee has demanded production of personal and Trust bank statements, tax returns and documents related to the Business Entities and the Trust.  To date, the Trustee's emails have gone unanswered and these documents have not been provided to the Trustee.

4.     The Debtor's initial Section 341(a) meeting of creditors occurred on March 24, 2017.  Thus, the original deadline to file complaints under § 727 is May 23, 2017 (the "727 Deadline").

5.     At the initial Section 341(a) examination on March 24, 2017 (the "Initial 341(a)"), the Trustee requested that the Debtor produce several of the above-listed documents.  On April 18, 2017, the Trustee sent an email to Debtor's counsel outlining the document request, and requesting that the Debtor file amended schedules, based on information the Trustee received subsequent to the Initial 341(a) (the "April 18 Email").

1  Debtor failed to respond to the April 18 Email.

2      6.      A continued meeting was set for May 1, 2017.  Debtor failed to appear for

3  the May 1st meeting and has still not produced any documents in response to the April

4  18 Email.

5      7.      On May 2, 2017, the United States Trustee sent an email to the Debtor's

6  counsel memorializing the Debtor's failure to appear at the May 1 meeting of creditors,

7  and requesting that the Debtor stipulate to an extension of the 11 U.S.C. §727 Deadline.

8  To date, no response from Debtor's counsel has been received.

9      8.      At this time, the Trustee desires additional time to continue his

10  investigation, and during this time, to preserve the right to file a section 727 Complaint

11  against the Debtor on behalf of the Trustee and the United States Trustee.

12      9.      For the foregoing reasons, the Trustee requests that the 727 Deadline be

13  extended approximately 120 days to and including September 29, 2017.

14                                    **II.**

15                              **DISCUSSION**

16      **A.  The Court May Extend The Deadline For Filing Section 727**

17              **Complaints**

18  Federal Rule of Bankruptcy Procedure 4004 provides in pertinent part:

19          Complaints objecting to the debtor's discharge under §
20          727(a) shall be filed not later than 60 days following the first
            meeting of creditors held pursuant to § 341(a)… On motion of
21          any party in interest after notice and hearing, the Court may
            for cause extend the time fixed under this subdivision. The
22          motion shall be made before the time has expired.

23      The Trustee believes that cause exists to further extend the deadline given the

24  necessity to continue to ascertain and obtain any and all information regarding the

25  Debtor's financial affairs, and to complete investigation of matters relevant to the grant of

26  discharge.  As such, until such time as those tasks are completed, it is not possible to

27  fully evaluate the grounds upon which a § 727 complaint may be filed.  Further, to date,

28  the Debtor and her counsel have been non-responsive to the Trustee and the U.S.

4

1  Trustee's emails, as such the Trustee has not obtained sufficient information to

2  determine whether grounds for objecting to discharge may exist.  Therefore, the

3  examination is continuing and it would not appear to be in the interest of the Debtor or

4  any other party to require that complaints be filed at this stage of the investigation.

5  This Motion is timely since the last day to file complaints under § 727 is presently

6  set for May 23, 2017.  The Trustee respectfully requests that the Deadline be extended

7  to and including September 29, 2017.

8  **B.**    **Local Bankruptcy Rule 9013-1(o)(1) Authorizes The Court To Provide**

9  **The Relief Sought Without A Hearing**

10  Local Bankruptcy Rule 9013-1(o)(1) provides, "Any matter that may be set for

11  hearing in accordance with 9013-1 may be determined upon notice of opportunity to

12  request a hearing."

13  Further, Section 102(1)(B) of the Bankruptcy Code provides,

14  (1) "after notice and a hearing", or a similar phrase – (B)
authorizes an act without an actual hearing if such notice is
15  given properly and if – (i) such a hearing is not requested
timely by a party in interest.

16

17  In the case at bar, this Motion was served upon the Debtor, parties requesting

18  special notice and the Office of the United States Trustee.  The Trustee does not expect

19  any opposition to the Motion given the circumstances.  Thus, the Trustee respectfully

20  requests that the Court find that notice has been sufficient for the purpose of this Motion

21  and that the Motion be approved without the need for a hearing. In the event a hearing is

22  requested, the Trustee shall promptly schedule and notice a hearing.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

### III.

### <u>CONCLUSION</u>

Based upon the forgoing, the Trustee respectfully requests that the Court: (1) grant the Motion and extend the time for filing a 727 Complaint by the Trustee or United States Trustee up to and including September 29, 2017; and (2) grant such and further relief as is just and proper under the circumstances.

DATED:  May 15, 2017                    MARGULIES FAITH, LLP


                                        By: */s/ Noreen A. Madoyan*
                                            Jeremy W. Faith
                                            Noreen A. Madoyan
                                            Attorneys for Rosendo Gonzalez,
                                            Chapter 7 Trustee

## DECLARATION OF ROSENDO GONZALEZ

I, Rosendo Gonzalez, declare as follows:

1.      I am the duly-appointed, qualified and acting Chapter 7 trustee for the bankruptcy estate of Beverley Monique Murray-Calcote (the "Debtor'). I have personal knowledge of the facts stated herein, except where stated upon information and belief, and as to such statements, I believe them to be true.

2.      This declaration is submitted in support of the foregoing Motion for Extension of Time for Filing Complaint Objecting to Debtor's Discharge (the "Motion"). Defined terms in the Motion shall have the same meaning herein.

3.      On February 17, 2017, Beverly Monique Murray-Calcote ("Debtor") commenced the instant case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code.

4.      I am in  the process of investigating the Debtor's book and records, recovering documents from the Debtor, and determining if there exist grounds for denial of the Debtor's discharge under 11 U.S.C. § 727.

5.      I have already discovered possible concealment of assets, including multiple businesses, real property and bank account interests.  The Debtor and her non-filing spouse have failed to disclose their interest in at minimum five (5) separate corporations (the "Business Entities") and six (6) distinct bank accounts, as well as a potential interest in real property located in North Carolina. The Debtor is also the beneficiary of the Bobbye J. Rives Trust (the "Trust"), which was not disclosed on her schedules.  I have demanded production of personal and Trust bank statements, tax returns and documents related to the Business Entities and the Trust.  To date, my emails have gone unanswered and these documents have not been provided to me.

6.      The Debtor's initial Section 341(a) meeting of creditors occurred on March 24, 2017.  Thus, the original deadline to file complaints under § 727 is May 23, 2017 (the "727 Deadline").

7.      At the initial Section 341(a) examination on March 24, 2017 (the "Initial

341(a)"), I requested that the Debtor produce several of the above-listed documents.  On April 18, 2017, I sent an email to Debtor's counsel outlining the document request, and requesting that the Debtor file amended schedules, based on information I received subsequent to the Initial 341(a) (the "April 18 Email").  Debtor failed to respond to the April 18 Email.

8.      A continued meeting was set for May 1, 2017.  Debtor failed to appear for the May 1st meeting and has still not produced any documents in response to the April 18 Email.

9.      On May 2, 2017, the United States Trustee sent an email to the Debtor's counsel memorializing the Debtor's failure to appear at the May 1 meeting of creditors, and requesting that the Debtor stipulate to an extension of the 11 U.S.C. §727 Deadline.  To date, no response from Debtor's counsel has been received.

10.     This Motion is timely since the last day to file complaints under § 727 is presently set for May 23, 2017.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this ___15___th day of May 2017, at Los Angeles, California.

_____
Rosendo Gonzalez

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**16030 Ventura Blvd., Suite 470, Encino, CA 91436**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTON [LBR 9013-1(0)] AND MOTION FOR EXTENSION OF TIME FOR FILING COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROSENDO GONZALEZ IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 15, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**ATTORNEY FOR DEBTOR: Alon Darvish**    alon@bankruptcylalaw.com, darvishecf@gmail.com;r50916@notify.bestcase.com
**ATTORNEY FOR CHAPTER 7 TRUSTEE: Jeremy Faith**    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Noreen@MarguliesFaithlaw.com;Victoria@MarguliesFaithlaw.com;Brian@MarguliesFaithlaw.com
**CHAPTER 7 TRUSTEE: Rosendo Gonzalez (TR)**    rgonzalez@ecf.epiqsystems.com, itran@gonzalezplc.com,khernandez@gonzalezplc.com,rossgonzalez@gonzalezplc.com
**ATTORNEY FOR CHAPTER 7 TRUSTEE: Noreen A Madoyan**    Noreen@MarguliesFaithLaw.com, Helen@MarguliesFaithlaw.com;Victoria@MarguliesFaithlaw.com;Brian@MarguliesFaithlaw.com
**OUST: United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
**COURTESY NEF FOR CREDITOR BMW BANK OF NORTH AMERICA C/O ASCENSION CAPITAL GROUP: Zann R Welch**    ecfnotices@ascensioncapitalgroup.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **May 15, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY**: Honorable Robert Kwan, U.S. Bankruptcy Court, 255 E. Temple Street, Suite 1682, Los Angeles, CA 90012
**DEBTOR**: Beverly Monique Murray-Calcote, 3166 West Avenue M-2, Lancaster, CA 93536

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 15, 2017 | Victoria Castrellon | /s/ Victoria Castrellon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**

ADDITIONAL SERVICE INFORMATION (if needed):

2. TO BE SERVED BY U.S. MAIL:

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

BMW Financial Services
5550 Britton Pkwy
Hilliard, OH 43026-7456

Bank of America
PO BOX 650225
Dallas, TX 75265-0225


Chris Albence & Assoc
7777 Fay Avenue Suite 205
La Jolla, CA 92037-4324

Inglewood Park Cemetary
PO BOX 6042
Inglewood, CA 90312-6042

Los Angeles Police FCU
16150 Sherman Way
Van Nuys, CA 91406-3938


Nationstar Mortgage
PO BOX 619063
Dallas, TX 75261-9063

Unify Financial Credit Union
PO BOX 10018
Manhattan Beach, CA 90267-7518