| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JEREMY W. FAITH (State Bar No. 190647)<br>NOREEN A. MADOYAN (State Bar No. 279227)<br>MARGULIES FAITH, LLP<br>16030 Ventura Blvd., Suite 470<br>Encino California 91436<br>Telephone: (818) 705-2777<br>Facsimile:  (818) 705-3777<br>Email:  Jeremy@MarguliesFaithLaw.com<br>Email:  Noreen@MarguliesFaithLaw.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:*  Rosendo Gonzalez, Chapter 7 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>BEVERLY MONIQUE MURRAY-CALCOTE,<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:17-bk-11972-RK<br><br>CHAPTER: 7<br><br>**NOTICE OF MOTION FOR:**<br>CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) COMPELLING THE DEBTOR'S COOPERATION WITH THE TRUSTEE PURSUANT TO 11 U.S.C. § 521; AND (2) REQUIRING TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 542; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS IN SUPPORT THEREOF<br><br>(***Specify name of Motion***)<br><br>DATE: 07/18/2017<br>TIME:  2:30 pm<br>COURTROOM: 1675<br>PLACE: United States Bankruptcy Court<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |

1. TO (*specify name*): THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRUPTCY JUDGE:

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012* | Page 1 | **F 9013-1.1.HEARING.NOTICE**

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date:  06/26/2017

Margulies Faith, LLP
Printed name of law firm


/s/ Noreen A. Madoyan
Signature


Noreen A. Madoyan
Printed name of attorney

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 2                    **F 9013-1.1.HEARING.NOTICE**

1  JEREMY W. FAITH (State Bar No. 190647)
   NOREEN A. MADOYAN (State Bar No. 279227)
2  **MARGULIES FAITH, LLP**
   16030 Ventura Blvd., Suite 470
3  Encino California 91436
   Telephone: (818) 705-2777
4  Facsimile:  (818) 705-3777
   Email:  Jeremy@MarguliesFaithLaw.com
5  Email:  Noreen@MarguliesFaithLaw.com

6  Attorneys for Rosendo Gonzalez,
   Chapter 7 Trustee

7

8                  **UNITED STATES BANKRUPTCY COURT**
                    **CENTRAL DISTRICT OF CALIFORNIA**
9                         **LOS ANGELES DIVISION**

10  | In re | Case No. 2:17-bk-11972-RK |
11  | BEVERLY MONIQUE MURRAY-CALCOTE, | Chapter 7 |
12  |  | **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER:  (1) COMPELLING THE DEBTOR'S COOPERATION WITH THE TRUSTEE PURSUANT TO 11 U.S.C. § 521; AND (2) REQUIRING TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 542; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS IN SUPPORT THEREOF** |
    | Debtor, |  |
17  |  | DATE:    July 18, 2017
          TIME:    2:30 p.m.
          PLACE:   Courtroom 1675
                   255 E. Temple Street
                   Los Angeles, CA 90012 |

20

21  **TO THE HONORABLE ROBERT KWAN, UNITED STATES BANKRUPTCY JUDGE:**

22       Rosendo Gonzalez, the chapter 7 trustee (the "Trustee") for the bankruptcy estate

23  (the "Estate") of Beverly Monique Murray-Calcote (the "Debtor"), hereby moves the Court

24  for an order: (1) compelling the Debtor's cooperation with the Trustee pursuant to

25  11 U.S.C. § 521; and (2) requiring turnover of property of the Estate pursuant to 11 U.S.C.

26  § 542 (the "Motion").  In support of the Motion, the Trustee submits the following

27  memorandum of points and authorities and the declaration of Noreen A. Madoyan (the

28  "Madoyan Declaration").

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.    INTRODUCTION**

Since his appointment on February 17, 2017, the Trustee has repeatedly requested the Debtor to provide documents relating to the Debtor's interests in unscheduled businesses, bank accounts, real property, insurance, and the estate of the Debtor's deceased aunt, Bobbye J. Rives. The Debtor has failed to respond to any of the Trustee's requests for information and documentation.

In addition to the Debtor's continuing failure to turn over documents and information, the Trustee has uncovered numerous inaccuracies in the Debtor's Schedules which the Debtor has thus far refused to correct. In light of the Debtor's lack of cooperation, the Trustee must obtain a Court order compelling the Debtor's compliance with her statutory duties to assist the Trustee in his administration of the Estate.

### **II.    STATEMENT OF FACTS**

**A.    Debtor's Failure to Cooperate with Trustee's Counsel or Provide Requested Records**

On February 17, 2017, the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code. Rosendo Gonzalez was subsequently appointed chapter 7 trustee, in which capacity he continues to serve.

The initial meeting of creditors under § 341(a) was held on March 24, 2017 (the "Initial 341(a)"). Prior to the Initial 341(a), Wells Fargo Bank ("WF") contacted the Trustee about funds held in a bank account in the name of the Debtor (the "WF Account"). The Trustee had WF turn over the funds in the WF Account, at which point the Debtor's counsel informed the Trustee that such funds belonged to the Debtor's mother and demanded that the funds be released. The Trustee requested documentation in support of the Debtor's contention. To date the Debtor has failed to produce any documents

///
///
///

demonstrating that funds in the WF Account belonged to her "mother."[1]

At the Initial 341(a), the Trustee again requested documents supporting Debtor's assertion that the WF Account belonged to her mother. The Trustee also requested from the Debtor 90-days of bank statements for all bank accounts (including the WF Account) and a copy of the most recent mortgage statement for her residence located at 3166 West Ave M-2, Lancaster, CA 93536 (the "Lancaster Property"). The Debtor has failed to comply with these requests.

On April 18, 2017, after receiving information that the Debtor and/or her spouse may have an interest in several undisclosed assets, the Trustee reached out to the Debtor's counsel requesting additional documentation regarding the following:

a. Four undisclosed corporations, wherein the Debtor and or her non-filing spouse were either officers or directors (the "Business Entities");

b. At least three (3) additional bank accounts held at Wells Fargo held in the name of the Bobbye J. Rives Trust (the "Trust Bank Accounts") ;

c. Real property held in North Carolina; and

d. The Debtor's interest in the Bobbye J. Rives Trust (the "Trust").

The Trustee further requested that the Debtor amend her schedules and Statement of Financial Affairs (SOFA) to reflect the additional assets. The Debtor has failed to respond to the Trustee.

On May 23, 2017, the Trustee's counsel reached out to the Debtor's counsel in an attempt to gather further documentation regarding the Debtor's assets, and requesting that the Debtor amend her schedules to accurately reflect her assets and liabilities (the "May 23 Letter"). The Debtor failed to respond to the May 23 Letter.

To date, the requested documentation (the "Documentation") includes:

1. Debtor's tax returns for years 2013 through 2016;

---

[1] The Trustee has been informed that the Debtor's references to her mother, may actually be to her aunt Ms. Bobbye J. Rives. Ms. Rives passed in 2014.

3

2. Trust tax returns for years 2013 through 2016;
3. Bank statements for the WF Account and the Trust Bank Accounts, including copies of any canceled checks greater than $1,000;
4. Current mortgage statement for any and all liens held on the Lancaster Property;
5. Documentation regarding the Business Entities, including any bank statements; and
6. A copy of the Trust and an accounting of all distributions from the Trust.

The Trustee has also recently learned that the Debtor may have an interest in the real property located at 5453 Shenandoah Ave., Los Angeles, CA 90056 (the "Los Angeles Property") and is a Plaintiff in two lawsuits, both of which are currently pending in the Los Angeles Superior Court (the "State Court Lawsuits") (together with the Los Angeles Property, the Business Entities, the Trust Bank Accounts, and the Trust, the "Undisclosed Assets"). At this time, the Trustee also seeks further information regarding the State Court Lawsuits and the Los Angeles Property to determine if the Estate's interest in such assets, if any.

From the Initial 341(a) through May 23, 2017, the Trustee, the Trustee's counsel, and the United States Trustee have communicated at least four times with the Debtor's counsel Alon Darvish, requesting a variety of information and documents. Despite these efforts, none of the requested material has been provided. As a result, the Trustee has been required to continue the 341(a) meeting numerous times while he waits for the documents and information needed for the Trustee to administer the Estate. The next meeting of creditors is set for July 18, 2017.

The first deadline to file a complaint objecting to the Debtor's discharge was May 23, 2017 (the "727 Deadline"). The Debtor failed to respond to a request from the United States Trustee (the "UST") to stipulate to a continuance of the 727 Deadline. As a result,

///

4

the Trustee filed a motion to extend the deadline to September 29, 2017, which motion was granted by order entered on June 12, 2017.

### B. Cooperation Needed From the Debtor

The Trustee requires the Debtor's cooperation in order to conduct his investigation into the assets of this Estate and determine what steps, if any, need to be taken to administer the Estate. The Trustee and his counsel have attempted to communicate with the Debtor's counsel,[2] however he has failed to respond to numerous emails and letters. Based on the Debtor's failure to cooperate with the Trustee over the past three months by refusing to respond to requests for information and documentation, the Trustee requests that the Court require that the Debtor:

> 1. Turn over the Documentation, information related to the Undisclosed Assets, and any further information relating to Estate assets, as requested by the Trustee; and
>
> 2. Cooperate with the Trustee and the Trustee's real estate broker, to allow access to the Lancaster Property and the Los Angeles Property, if necessary.

### C. Debtor's Need to File Accurate Schedules

#### a. Debtor's Inaccurate Schedules

As discussed above, the Debtor has failed to list multiple assets in which she has an interest. Specifically, the Trustee has received information indicating that the Debtor is a co-trustee of the Bobbye J. Rives trust. Such information has not been disclosed on the Debtor's Schedule B. Further, the Debtor received distributions from the Trust in 2015 and 2016 and is an authorized signatory of at least three (3) WF accounts. Neither the distributions nor the WF accounts have been disclosed in her schedules or SOFA.

Debtor's Schedule I represents that she is and has been employed as a police offer for the last 11 years and that her non-filing spouse was not employed and had no income.

---

[2] On June 16, 2017, the Debtor filed a substitution of attorney replacing Mr. Darvish with Ms. Julie J. Villalobos, Esq. as counsel of record (Dkt. No. 32). To date, Ms. Villalobos has not reached out to the Trustee or his counsel regarding the outstanding requests.

5

In response to SOFA No. 4, the Debtor represented that she and her non-filing spouse had no income for 2015 and 2016.  In response to SOFA Item No. 27, the Debtor represented that she (or her spouse) has not owned or operated a business or has been self-employed over the last four years.  However, the Trustee has learned that the Debtor and/or her spouse is an officer or director of the Business Entities.  This information was also not disclosed on Schedule A/B.  The Trustee also believes the Debtor is a signatory on bank accounts related to the Business Entities that must be disclosed on Schedule A/B.

The Trustee has also recently received information that the Debtor may have an interest in the Los Angeles Property and is engaged in the State Court Lawsuits, which arise from pre-petition claims.  The Debtor should list such assets on Schedule A/B.

Finally, the Debtor's spouse was not disclosed as a dependent on Schedule H.

### b. **The Debtor Must File Amended Schedules**

The Debtor has thus far refused to amend her schedules to schedule all the undisclosed assets.  The Trustee and his counsel have made numerous requests for the Debtor to amend her schedules to correct the errors and schedule the Trust, the Business Entities, and the Trust Bank Accounts, among other things.  The Debtor has failed to do so.

### III. **LEGAL ARGUMENT**

### A. **The Debtor's Statutory Duties Require Her Cooperation with the Trustee**

A debtor is required to cooperate with the trustee in order to facilitate the administration of the estate.  Section 521(a) provides, in relevant part, that a debtor shall:

> (3) [C]ooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title;
>
> (4) [S]urrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, . . . .

11 U.S.C. § 521(a); *see also In re Onubah*, 375 B.R. 549, 557 (B.A.P. 9th Cir. 2007) ("The integrity of this process requires, among other things, that a debtor fully disclose all assets and liabilities when the petition is filed, provide the trustee with financial records, surrender all property of the estate to the trustee, cooperate with the trustee's administration of the estate . . . .").

There can be no question that the Debtor has a duty to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title." *See* 11 U.S.C. § 521(a)(3). This duty includes cooperating with the Trustee's efforts to examine and assess all the Debtor's assets

Here, the Trustee requires the Debtor's cooperation in order to thoroughly investigate the Debtor's assets. In light of the Debtor's lack of compliance with straightforward document and information requests, and the fact the Debtor's counsel has simply ignored requests to obtain Debtor's records, the Trustee feels that an order of the Court requiring the Debtor's cooperation is reasonable and appropriate.

### B.   **The Documentation Must be Turned Over to the Trustee**

Section 542 requires the turnover of all property of the Estate to the Trustee. Section 542(a) provides as follows:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a). The duty to deliver property of the estate to the trustee is self-effectuating and "mandatory" and arises upon the filing of a bankruptcy petition. *See In re Del Mission Limited*, 98 F.3d 1147, 1151 (9th Cir. 1996). Moreover, pursuant to § 542(e), a bankruptcy court can order any person holding "recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee." 11 U.S.C. § 542(e).

Pursuant to 11 U.S.C. § 521(a)(4), "[t]he debtor shall . . . if a trustee is serving in the case . . . surrender to the trustee all property of the estate. . ."  As was highlighted above, the Trustee has repeatedly requested the Documentation from the Debtor.  The Trustee is entitled to this information, and it must be provided.  In light of the Debtor's lack of cooperation, it is particularly critical that the Documentation be provided.

### C. The Debtor Has a Duty to Amend Her Schedules

Every debtor has a continuing duty to assure the accuracy and completeness of schedules. *In re Searles*, 317 B.R. 368, 378 (B.A.P. 9th Cir. 2004), *aff'd*, 212 F. App'x 589 (9th Cir. 2006).  Here, the Debtor's schedules do not properly disclose all of the Debtor's assets.  Despite numerous emails over the course of three months, the Debtor refuses to amend her schedules to correct these omissions.  The Debtor's schedules appear to contain additional inaccuracies regarding the Debtor's gross income for 2015 and 2016.  Finally, the Debtor has refused to amend her schedules to include any funds received from the Trust.  Based on these numerous inaccuracies, the Debtor should be compelled to amend her schedules and statement of financial affairs so as to correct any and all inaccuracies.

### IV. CONCLUSION

Based on the foregoing, the Trustee requests that the Court enter an order:

1. Granting this Motion.

2. Directing the Debtor to turn over the Documentation, including information regarding the Los Angeles Property and the State Court Lawsuits pursuant to 11 U.S.C. § 542.

3. Requiring the Debtor to cooperate with any reasonable request made by the Trustee and the Trustee's counsel, to assist the Trustee in conducting a full investigation into the Estate assets.

4. Compelling the Debtor to file amended her schedules to accurately disclose:

    a. The Bobbye J. Rives Trust and the Trust Bank Accounts;

    b. The WF Account;

8

      c.    The Business Entities;

      d.    Her spouse has a co-Debtor;

      e.    The State Court Lawsuits; and

      f.    The Los Angeles Property.

5.    Compelling the Debtor to file an amended Statement of Financial Affairs to accurately reflect:

      a.    All distributions from the Trust (SOFA No. 5);

      b.    All sources of income, including any distributions from the Business Entities (SOFA No. 4 and 5); and

      c.    All details regarding the Business Entities (SOFA No. 27 and 28).

6.    For such other and further relief as the Court deems just and proper.

DATED: June 26, 2017        MARGULIES FAITH LLP

By: /s/ Noreen A. Madoyan
Jeremy W. Faith
Noreen A. Madoyan
Attorneys for Rosendo Gonzalez,
Chapter 7 Trustee

9

## **DECLARATION ROSENDO GONZALEZ**

I, Rosendo Gonzalez, declare as follows:

1.      I am the duly appointed, qualified and acting Chapter 7 trustee for the bankruptcy estate of Beverly Murray Calcote (the "Debtor"). I have personal knowledge of the matters set forth herein and if called as a witness could and would testify competently thereto. This declaration is submitted in support of the foregoing *Motion for Order (1) Compelling the Debtor's Cooperation with the Trustee Pursuant to 11 U.S.C. § 521 and (2) Requiring Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542* (the "Motion"). Any term not specifically defined herein shall have the meanings provided in the Motion.

2.      On February 17, 2017, the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code. I was subsequently appointed chapter 7 trustee, in which capacity I continue to serve.

3.      The initial meeting of creditors under § 341(a) was held on March 24, 2017 (the "Initial 341(a)"). Prior to the Initial 341(a), Wells Fargo Bank ("WF") contacted me about funds held in a bank account in the name of the Debtor (the "WF Account"). I had WF turn over the funds in the WF Account, at which point the Debtor's counsel informed me that such funds belonged to the Debtor's mother and demanded that the funds be released. I requested documentation in support of the Debtor's contention. To date the Debtor has failed to produce any documents demonstrating that funds in the WF Account belonged to her "mother." [3]

4.      At the Initial 341(a), I again requested documents supporting Debtor's assertion that the WF Account belonged to her mother. I also requested from the Debtor 90-days of bank statements for all bank accounts (including the WF Account) and a copy of the most recent mortgage statement for her residence located at 3166 West Ave M-2,

---

[3] The Trustee has been informed that the Debtor's references to her mother, may actually be to her aunt Ms. Bobbye J. Rives. Ms. Rives passed in 2014.

1 Lancaster, CA 93536 (the "Lancaster Property").  The Debtor has failed to comply with these requests.

5. On April 18, 2017, after receiving information that the Debtor and/or her spouse may have an interest in several undisclosed assets, I reached out to the Debtor's counsel requesting additional documentation regarding the following:

    a. Four undisclosed corporations, wherein the Debtor and or her non-filing spouse were either officers or directors (the "Business Entities");

    b. At least three (3) additional bank accounts held at Wells Fargo held in the name of the Bobbye J. Rives Trust (the "Trust Bank Accounts") ;

    c. Real property held in North Carolina; and

    d. The Debtor's interest in the Bobbye J. Rives Trust (the "Trust").

6. I further requested that the Debtor amend her schedules and Statement of Financial Affairs (SOFA) to reflect the additional assets. The Debtor has failed to respond to me.

7. Despite these efforts, none of the requested material has been provided. As a result, I have been required to continue the 341(a) meeting numerous times while he waits for the documents and information needed for me to administer the Estate.  The next meeting of creditors is set for July 18, 2017.

8. The first deadline to file a complaint objecting to the Debtor's discharge was May 23, 2017 (the "727 Deadline").  The Debtor failed to respond to a request from the United States Trustee (the "UST") to stipulate to a continuance of the 727 Deadline.  As a result, I filed a motion to extend the deadline to September 29, 2017, which motion was granted by order entered on June 12, 2017.

9. The Debtor has thus far refused to amend her schedules to schedule all the undisclosed assets.  My counsel and I have made numerous requests for the Debtor to amend her schedules to correct the errors and schedule the Trust, the Business Entities, and the Trust Bank Accounts, among other things.  The Debtor has failed to do so.

///

11

1  I declare under penalty of perjury that the foregoing is true and correct.

2  Executed on this 23rd day of June, 2017, at Los Angeles, California.

*[signature]*

Rosendo Gonzalez

## **DECLARATION OF NOREEN A. MADOYAN**

I, Noreen A. Madoyan, declare as follows:

1.  I am an attorney at law, duly qualified to practice before all courts of the state of California and before the United States District Court for the Central District of California. I am an associate with the law firm of Margulies Faith LLP, counsel for Rosendo Gonzalez, the chapter 7 trustee of the bankruptcy estate of Beverly Murray Calcote. I am over the age of eighteen and I know each of the following facts to be true of my own personal knowledge, except as otherwise stated, and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the *Motion for Order (1) Compelling the Debtor's Cooperation with the Trustee Pursuant to 11 U.S.C. § 521 and (2) Requiring Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542* (the "Motion"). Any term not specifically defined herein shall have the meanings provided in the Motion.

2.  On May 23, 2017, I reached out to the Debtor's counsel in an attempt to gather further documentation regarding the Debtor's assets, and requesting that the Debtor amend her schedules to accurately reflect her assets and liabilities (the "May 23 Letter"). The Debtor failed to respond to the May 23 Letter.

3.  To date, the requested documentation (the "Documentation") includes:
    a.  Debtor's tax returns for years 2013 through 2016;
    b.  Trust tax returns for years 2013 through 2016;
    c.  Bank statements for the WF Account and the Trust Bank Accounts, including copies of any canceled checks greater than $1,000;
    d.  Current mortgage statement for any and all liens held on the Lancaster Property;
    e.  Documentation regarding the Business Entities, including any bank statements; and
    f.  A copy of the Trust and an accounting of all distributions from the Trust.

13

4. I have also recently learned that the Debtor may have an interest in the real property located at 5453 Shenandoah Ave., Los Angeles, CA 90056 (the "Los Angeles Property") and is a Plaintiff in two lawsuits, both of which are currently pending in the Los Angeles Superior Court (the "State Court Lawsuits") (together with the Los Angeles Property, the Business Entities, the Trust Bank Accounts, and the Trust, the "Undisclosed Assets").

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 26 day of June, 2017, at Encino, California.

/s/ Noreen A. Madoyan          .
Noreen A. Madoyan

14

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION FOR CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) COMPELLING THE DEBTOR'S COOPERATION WITH THE TRUSTEE PURSUANT TO 11 U.S.C. § 521; AND (2) REQUIRING TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 542; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS IN SUPPORT THEREOF**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 26, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **June 26, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY:** Hon. Robert N. Kwan, U.S. Bankruptcy Court, 255 E. Temple St., Ste. 1682, Los Angeles, CA 90012
**DEBTOR**: Beverly Monique Murray-Calcote, 3166 West Ave M-2, Lancaster, CA 93536

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

NONE.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 26, 2017 | Victoria Castrellon | /s/ Victoria Castrellon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 **F 9013-3.1.PROOF.SERVICE**

## ADDITIONAL SERVICE INFORMATION (if needed):

## 2. TO BE SERVED BY UNITED STATES MAIL:

**ATTORNEY FOR CHAPTER TRUSTEE: Jeremy Faith**     Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Noreen@MarguliesFaithlaw.com;Victoria@MarguliesFaithlaw.com;Brian@MarguliesFaithlaw.com
**CHAPTER 7 TRUSTEE: Rosendo Gonzalez (TR)**     rgonzalez@ecf.epiqsystems.com,
vbowen@gonzalezplc.com,khernandez@gonzalezplc.com,rossgonzalez@gonzalezplc.com
**ATTORNEY FOR CHAPTER 7 TRUSTEE: Noreen A Madoyan**     Noreen@MarguliesFaithLaw.com,
Helen@MarguliesFaithlaw.com;Victoria@MarguliesFaithlaw.com;Brian@MarguliesFaithlaw.com
**UST: United States Trustee (LA)**     ustpregion16.la.ecf@usdoj.gov
**ATTORNE FOR DEBTOR: Julie J Villalobos**     julie@oaktreelaw.com,
oakecfmail@gmail.com;r51108@notify.bestcase.com
**CREDITOR FOR BMW BANK OF NORTH AMERICA: Zann R Welch**     ecfnotices@ascensioncapitalgroup.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                               **F 9013-3.1.PROOF.SERVICE**

ADDITIONAL SERVICE INFORMATION (if needed):

2. SERVED BY UNITED STATES MAIL:

| | | |
|---|---|---|
| (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | BMW Financial Services<br>5550 Britton Pkwy<br>Hilliard, OH 43026-7456 | Bank of America<br>PO BOX 650225<br>Dallas, TX 75265-0225 |
| Chris Albence & Assoc<br>7777 Fay Avenue Suite 205<br>La Jolla, CA 92037-4324 | Inglewood Park Cemetary<br>PO BOX 6042<br>Inglewood, CA 90312-6042 | Los Angeles Police FCU<br>16150 Sherman Way<br>Van Nuys, CA 91406-3938 |
| Nationstar Mortgage<br>PO BOX 619063<br>Dallas, TX 75261-9063 | Unify Financial Credit Union<br>PO BOX 10018<br>Manhattan Beach, CA 90267-7518 | BMW Bank of North America<br>c/o Ascension Capital Group<br>P.O. Box 165028<br>Irving, TX 75016-5028 |
| Beverly Monique Murray-Calcote<br>3166 West Ave M-2<br>Lancaster, CA 93536-2841 | Julie J Villalobos<br>Oaktree Law<br>10900 183rd St Ste 270<br>Cerritos, CA 90703-5343 | Larnita A Pette<br>2588 El Camino Real Ste F-195<br>Carlsbad, CA 92008-1211 |