PETER C. ANDERSON
UNITED STATES TRUSTEE
JILL M. STURTEVANT, State Bar No. 089395
ASSISTANT UNITED STATES TRUSTEE
KENNETH G. LAU, State Bar No. 155314
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017-3560
(213) 894-4480 telephone
(213) 894-2603 facsimile
Email: *kenneth.g.lau@usdoj.gov*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**BEVERLY MONIQUE MURRAY-CALCOTE,**<br><br>　　　　Debtor(s).<br>_____<br><br>**UNITED STATES TRUSTEE FOR THE CENTRAL DISTRICT OF CALIFORNIA, REGION 16,**<br><br>　　　　Plaintiff(s),<br>vs.<br><br>**BEVERLY MONIQUE MURRAY-CALCOTE,**<br><br>　　　　Defendant(s).<br>_____ | Case No.: 2:17-bk-11972 RK<br><br>Chapter 7<br><br>Adv. No.: 2:17-ap-0**** RK<br><br>**COMPLAINT FOR DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2), (a)(3), (a)(4) and (a)(5)**<br><br>(Status conference to be set by the Court – See summons) |

Plaintiff, United States Trustee for the Central District of California, Region 16, by the undersigned attorney, respectfully represents and alleges as follows:

**STATEMENT OF JURISDICTION AND VENUE**

1.　This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334, 11 U.S.C. § 727, and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7001(4). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

2. This adversary proceeding arises out of and relates to the now-pending Chapter 7 case of <u>In re Beverly Monique Murray-Calcote</u>, Case No. 2:17-bk-11972 RK, (the "instant case") which commenced by the filing of a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code on February 17, 2017. Therefore, venue is proper pursuant to 28 U.S.C. § 1409.

3. The Bankruptcy Code at 11 U.S.C. § 727(c)(1) provides that the United States Trustee may object to the granting of a discharge under 11 U.S.C. § 727(a).

**PARTIES TO THE ACTION**

4. As of the commencement date of this action, Plaintiff is and was the United States Trustee for the Central District of California, Region 16 ("Plaintiff" or "U.S. Trustee").

5. Defendant and Debtor BEVERLY MONIQUE MURRAY-CALCOTE, (hereafter known as "Debtor" or "Defendant") is the petitioner in bankruptcy case no. 2:17-bk-11972 RK (the "instant case"), and her voluntary petition identifies her residence as 3166 West Ave M-2, Lancaster CA 93536 ("Lancaster Property"). Plaintiff will accordingly serve this complaint on Defendant at such residence address, as well as upon her present counsel of record, Julie J. Villalobos.

**STATEMENT OF STANDING**

6. Plaintiff, as the United States Trustee for the Central District of California, Region 16, has standing to bring this action under 11 U.S.C. §§ 307 and 727.

**GENERAL ALLEGATIONS**

7. Plaintiff hereby incorporates paragraphs 1 through 6 inclusive, as if fully set forth herein.

8. On February 17, 2017, the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code. Rosendo Gonzalez was subsequently appointed chapter 7 trustee ("Trustee") and he continues to serve in that capacity.

9. The initial meeting of creditors under § 341(a) was held on March 24, 2017 (the "Initial 341(a)"), so the initial bar date for filing a complaint under 11 U.S.C. § 727 and/or a motion to dismiss under 11 U.S.C. § 707(b) was May 23, 2017 (the "727 Deadline").

- 2 -

10. The Debtor failed to respond to a written request on or about May 2, 2017 from Plaintiff to stipulate to a continuance of the 727 Deadline to allow the Trustee and the Plaintiff to timely complete their respective inquiries into the factual circumstances presented in the instant case.[1] As a result, on or about May 15, 2017, the Trustee filed a motion to extend the 727 Deadline for both the Trustee and Plaintiff to September 29, 2017, which motion (Docket # 18) was granted by order entered on June 12, 2017 (Docket # 27).

11. Therefore, this complaint is timely filed.

12. The Initial 341(a) examination has been continued a number of times for the Debtor's provision of additional information and the related production of additional documentation requested by the Trustee from March 24, 2017 to May 1, 2017, June 5, 2017, July 18, 2017, August 22, 2017 and presently to October 6, 2017. Despite this effort as well as the Debtor's filing of amended Schedules and Statement of Financial Affairs on July 13, 2017, to date, Plaintiff is informed and believes that the Debtor has failed to produce all requested documents in response to the express requests of the Trustee and his counsel of record.

13. Based upon information obtained during Plaintiff's investigation, Defendant's bankruptcy schedules and Statement of Financial Affairs (SOFA), filed on February 17, 2017, fail to disclose the interest held by the Debtor and/or her non-Debtor spouse in various assets, including but not limited to the following:

a. At least five (5) undisclosed corporations, wherein the Debtor and or her non-filing spouse were either officers or directors (the "Business Entities"), including "Hair

---

[1] Shortly after this, on or about June 16, 2017, Debtor-Defendant filed a Substitution of Attorney, Docket # 32, substituting in present counsel Villalobos in place of initial counsel Alon Darvish.

- 3 -

Connections Plus,"[2] "BSM Kicks, Inc." "Optimus Mortgage," "Coty Real Estate Group, Inc.," and "Saxxon & Associates Inc.;"

    b.    Defendant's Cosmetologist license and related income therefrom as a hairstylist/Manager in connection to "Hair Connections Plus;"

    c.    At least three (3) additional bank accounts held at Wells Fargo in the name of the Bobbye J. Rives Trust (the "Trust Bank Accounts");

    d.    Real property located at 5453 Shenandoah Avenue in Los Angeles, California 90056[3] ("Shenandoah Property");

    e.    At least two (2) pending lawsuits, Los Angeles Superior Court ("LASC") Case No. BC525376 and LASC Case No. BC651610[4]; and

    f.    Defendant's interest in and to the Bobbye J. Rives Trust ("Rives Trust"), including an interest in real property held in North Carolina.

14.    With respect to Defendant's interest in and to the Rives Trust-- which is the subject of both of the lawsuits listed in Defendant's initial and amended SOFA, Part 4, item 9—while Defendant's amended Schedule A/B, line 25, belatedly adds Defendant's interest in the Rives Trust, Defendant's explanatory note, "Debtor received approximately $85,000 in 02/2015 from Bobbye J. Rives' will. Debtor is Trustee but not a beneficiary under the Trust," is <u>internally inconsistent</u> with her own amended SOFA, filed as part of the same amendment, Part 2, item 5, wherein Defendant asserts and confirms that she did not receive any non-employment "other income" during 2017 or either 2015 or 2016, "the two previous calendar years."

---

[2] In response to the Trustee's repeated requests, Defendant belatedly disclosed the existence of her membership interest in this limited liability company in her amended SOFA, Part 11, item 27, filed on July 13, 2017.

[3] Defendant was listed as a "co-occupant" at this property in August 2016.

[4] This is an undisclosed personal injury lawsuit brought by Defendant, stemming from injuries allegedly sustained by Defendant in a pre-petition February 27, 2015 car accident, filed by Defendant less than one week after commencing the instant bankruptcy case.

- 4 -

## FIRST CLAIM FOR RELIEF

**[Intentional Transfer and Concealment of Debtor's Property or Property of the Estate in Violation of 11 U.S.C. § 727(a)(2)(A) and (B)]**

15. Plaintiff hereby realleges and incorporates by this reference each and every allegation contained in paragraph 1 through 14, inclusive, as though fully set forth herein.

16. Plaintiff alleges that Defendant, with intent to hinder, delay or defraud a creditor or officer of the estate charged with custody of property, transferred, removed, and/or concealed or permitted to be transferred, removed, and/or concealed, property of the debtor within one year prior to her bankruptcy filing.

17. Plaintiff further alleges that Defendant, with intent to hinder, delay or defraud a creditor or officer of the estate charged with custody of property, transferred, removed, and/or concealed or permitted to be transferred, removed, and/or concealed, property of the estate after the commencement of the instant case filing.

18. Pursuant to 11 U.S.C. § 727(a)(2)(A), the Court shall not grant the debtor a discharge if "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed–(A) property of the debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition ...".

19. Plaintiff alleges that Defendant knowingly, intentionally, and fraudulently concealed, transferred and or removed, or permitted to be transferred, removed, and/or concealed at least $85,000.00 in "other income" received from the Rives Trust as well as an undisclosed amount of income earned as a cosmetologist/hairstylist/ Manager at or with the "Hair Connection Plus" salon, or the proceeds thereof, until February 17, 2017, the instant case commencement date (the "Prepetition Transfers").

20. Defendant transferred these prepetition funds/assets to various parties, including herself and her non-debtor spouse, with the intent to hinder, delay, and to defraud creditors and officers of the estate (the Chapter 7 trustee and the U.S. Trustee) because she failed to list or

otherwise identify these transfers and/or gifts on her Schedules and SOFA, which were declared to be true and correct under penalty of perjury.

21.  Plaintiff further alleges that Defendant intentionally and fraudulently concealed the existence of at least five (5) undisclosed corporations, wherein the Debtor and or her non-filing spouse were either officers or directors, including "Hair Connections Plus," "BSM Kicks, Inc." "Optimus Mortgage," "Coty Real Estate Group, Inc.," and "Saxxon & Associates Inc.", as well as at least two (2) pending lawsuits, Los Angeles Superior Court ("LASC") Case No. BC525376 and LASC Case No. BC651610, the latter a personal injury suit seeking damages for a February 2015 car accident, filed by Defendant less than a week after commencing the instant bankruptcy case.

22.  Plaintiff further alleges that Defendant intentionally and fraudulently concealed her interest in and to the Rives Trust, including an interest in real property held in North Carolina, as well as at least three (3) Trust Bank Accounts held at Wells Fargo, for which Defendant is and was a signatory.

23.  Therefore, Defendant intentionally and fraudulently transferred and concealed at least $85,000 by transferring monies to herself, her non-debtor spouse, and undisclosed third parties in the months leading up to her bankruptcy filing, failing to acknowledge the existence of such assets on her initial and amended Schedules and statements, and falsely affirming, under penalty of perjury, that she did not make transfers within two years prior to her bankruptcy filing.

24.  Accordingly, Defendant's discharge should be denied as a consequence of transferring, removing, and/or concealing property of the estate within one year prior to the bankruptcy filing with the intent to hinder, delay, and/or defraud creditors and officers of the estate pursuant to 11 U.S.C. § 727(a)(2)(A), as well as transferring, removing, and/or concealing property of the estate, after the date of the filing of the petition in violation of 11 U.S.C. § 727(a)(2)(B).

## SECOND CLAIM FOR RELIEF

**[Failure to Keep or Preserve Recorded Information under 11 U.S.C. § 727(a)(3)]**

25.  Plaintiff hereby realleges and incorporates by this reference each and every allegation contained in paragraph 1 through 24, inclusive, as though fully set forth herein.

26. Pursuant to 11 U.S.C. § 727(a)(3), the Court shall not grant the debtor a discharge if "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."

### Failure to Maintain Business Records

27. Defendant is an admitted business owner of Hair Connection Plus.

28. Despite this, to date, Defendant has failed to even identify her interest, or that of her non-debtor spouse, as an owner, officer or director of at least three additional Business Entities, to wit: "Optimus Mortgage," "Coty Real Estate Group, Inc.," and "Saxxon & Associates Inc." and perhaps "BSM Kicks, Inc.".

29. Plaintiff alleges that Defendant has failed to keep or preserve any recorded information, including books, documents, records, and papers, relating to the receipts and disbursements related to any and all of the Business Entities.

30. Plaintiff alleges that because Defendant has failed to maintain and preserve recorded information relating to these receipts and disbursements, her financial condition and business transactions related to any and all of the Business Entities cannot be ascertained.

31. Plaintiff further alleges that the willful and continuing failure to maintain or preserve business records evidencing these receipts and disbursements is not justified under the circumstances presented in this case.

### Failure to Maintain Personal Financial Records

32. Defendant is admittedly employed as a law enforcement officer for the Los Angeles Police Department. However, in both her initial and amended bankruptcy schedules and statements, Defendant has also failed to fully disclose all sources of prepetition income, including her income as a hairstylist/cosmetologist/Manager for Hair Connection Plus, as well as her belatedly-disclosed receipt of $85,000.00 in "other income" in February 2015 from the Rives Trust.

33. Plaintiff therefore alleges that Defendant has failed to keep or preserve any recorded information, including books, documents, records, and papers, relating to her personal finances including all sources of income.

34. Plaintiff further alleges that the failure to maintain or preserve such records evidencing Defendant's personal income sources is not justified under the circumstances.

35. Accordingly, Defendant's discharge should be denied as a consequence of failing to keep or preserve recorded information from which her financial condition or business transactions might be ascertained pursuant to 11 U.S.C. § 727(a)(3).

## THIRD CLAIM FOR RELIEF

### [False Oath under 11 U.S.C. § 727(a)(4)(A)]

36. Plaintiff hereby realleges and incorporates by this reference each and every allegation contained in paragraph 1 through 35, inclusive, as though fully set forth herein.

37. Pursuant to 11 U.S.C. § 727(a)(4)(A), the Court shall not grant the debtor a discharge if "the debtor knowingly and fraudulently, in or in connection with the case–(A) made a false oath or account.

38. Under penalty of perjury, Defendant attested to the truth, accuracy and completeness of information contained in her bankruptcy petition and schedules, initial and amended, for the instant case by signing the voluntary petition, declaration concerning debtor's schedules, and declaration following the Statement of Financial Affairs.

39. Defendant's initial Schedule A/B, item 25 expressly listed "No" for "Trusts, equitable or future interests in property, and rights or powers exercisable for [Debtor's] benefit."

40. Defendant's amended Schedule A/B, item 25 belatedly disclosed Defendant's interest as a "Trustee but not a beneficiary under the Trust" while simultaneously admitting to her receipt of "approximately $85,000 in 02/2015" from the Rives Trust.

41. Similarly, while Defendant's initial Schedule A/B, item 1, lists her Lancaster Property, Defendant's amended Schedule A/B, item 1 added a "Burial Plot" valued at $3,500.00.[5]

42. Defendant's initial Schedule A/B fails to list any bank account related to the Rives Trust, despite the Defendant's apparent signatory authority over several such accounts. Defendant's amended Schedule A/B increases the number of listed bank accounts from two to seven, but again none of these accounts are related to the Rives Trust. Instead, Defendant's amended SOFA, Part 9, item 23, "Identify Property You Hold or Control for Someone Else," was changed from "No" to at least four separate accounts: a personal checking and savings account valued at $1,500.00, a "Money Market Account" valued at $80,000.00 and a "Corporate Account" for BSM Kicks valued at $10,000.00, wherein the $91,500.00 "is all mother's." Further Defendant also added another Wells Fargo Bank account for the Rives Trust holding $31,000.00 "left in house fund account."

43. Defendant's Statement of Financial Affairs, Part 11, item 27 failed to list any businesses in which Defendant owned or held an interest, or any connection to any such businesses. Defendant's amended SOFA, Part 11, item 27 identified only one such business, "Hair Connections Plus," reportedly "currently inactive."

44. However, the U.S. Trustee's investigation has uncovered a total of at least five (5) undisclosed Business Entities, wherein the Debtor and or her non-filing spouse were either officers or directors, including "Hair Connections Plus," "Optimus Mortgage," "Coty Real Estate Group, Inc.," and "Saxxon & Associates Inc." and perhaps "BSM Kicks, Inc."

45. Defendant's initial and amended Schedule A/B, item 33 both fail to list any "Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment." However, the U.S. Trustee's investigation has uncovered at least two (2) pending lawsuits, LASC Case No. BC525376 and LASC Case No. BC651610—the latter, a personal injury suit seeking

---

[5] Plaintiff has further alleges that Defendant failed to disclose an ownership interest in and to real property in North Carolina through the Rives Trust, as well as in and to the Shenandoah Property.

damages for a February 2015 car accident, filed by Defendant less than a week after commencing the instant bankruptcy case.

46.  Finally, Defendant's initial and amended Schedule A/B, item 27 both fail to list any "Licenses, franchises and other general intangibles," overtly omitting Defendant's Cosmetologist license and a logically-related amount of income therefrom as a hairstylist/Manager in connection to the also-undisclosed "Hair Connections Plus" salon.

47.  Therefore, Plaintiff alleges that Defendant knowingly and fraudulently made false oaths and accounts on her Schedules and statements relating to her actual assets, financial condition, and transfers, redoubling such false oaths during her oral testimony during the § 341(a) examinations to date in this case.

48.  Accordingly, Defendant's discharge should be denied as a consequence of knowingly and fraudulently, in connection with the instant case, making a false oath or account.

### FOURTH CLAIM FOR RELIEF

**[Failure to Explain Satisfactorily Loss of Assets under 11 U.S.C. § 727(a)(5)]**

49.  Plaintiff hereby realleges and incorporates by this reference each and every allegation contained in paragraph 1 through 48, inclusive, as though fully set forth herein.

50.  Pursuant to 11 U.S.C. § 727(a)(5), the Court shall not grant the debtor a discharge if "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities."

51.  Plaintiff's investigation to date has revealed significant monetary or asset distributions made by Defendant as "Trustee" of the Rives Trust to or for the benefit of Defendant, her non-filing spouse, various of their Business Entities or insiders, following the passing of Bobbye J. Rives on September 14, 2014, totaling over $85,000.00.

52.  Despite prior requests for clarification from Plaintiff and the Trustee, to date, Defendant has essentially failed to clarify or otherwise explain why her initial and amended bankruptcy schedules do not reflect assets consistent with the apparent prepetition transfers made to or for the Defendant's benefit.

1    53.    Moreover, Defendant has failed to produce any business records or documents which explain the scant testimony about how and why the funds and assets were apparently dissipated in this manner.

54.    Therefore, Defendant has failed to explain satisfactorily, before determination of denial of discharge, loss or deficiency of assets to meet her liabilities.

55.    Accordingly, Defendant's discharge in the instant case should be denied as a consequence of failing to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

**WHEREFORE**, Plaintiff prays for judgment as follows:

**ON ALL CLAIMS FOR RELIEF**

A.    That Debtor's discharge is denied under 11 U.S.C. § 727(a)(2), (a)(3), (a)(4), and (a)(5);

B.    For costs of suit; and

B.    For such other and further relief as the Court deems just and proper.

DATE: September 27, 2017

Respectfully Submitted,
UNITED STATES TRUSTEE

By: _____
KENNETH G. LAU
Attorney for the United States Trustee

- 11 -